**GRENADA BANK, d/b/a Coahoma Bank, Plaintiff-Appellant,**

v.

**Robert WILLEY, Sr., et al., Defendants,**

**Huntingdon Associates, Ltd., Clarence C. Day and Lawson F. Apperson, Intervenors-Defendants-Appellees.**

**No. 81–5913.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 2, 1983.

Decided April 18, 1983.

Christian T. Goeldner (argued), Southaven, Miss., for plaintiff-appellant.

Lawson F. Apperson (argued), Carl H. Langschmidt, Jr., Memphis, Tenn., for intervenors-defendants-appellees.

Before ENGEL and KRUPANSKY, Circuit Judges, and BROWN, Senior Circuit Judge.

KRUPANSKY, Circuit Judge.

This is an appeal by Grenada Bank (Bank) from an order entered in the Western District of Tennessee which held that the Bank could not satisfy a judgment against defendant Robert Willey (Willey) through the execution upon, and sale of, Willey's purported 41% interest in a limited partnership because Willey transferred or assigned his interest to Clarence Day and Lawson Apperson (Intervenors) prior to the time of the attempted execution. The Bank here contends that the sale of the partnership interest by Willey to the Intervenors is void or voidable.

The operative facts were largely a matter of stipulation below. In September, 1980, Willey owned a 38% limited interest and a 2% general interest in Huntingdon Associates, Ltd. (Huntingdon), a Tennessee limited partnership, duly recorded under the laws of that state, which partnership sought to develop HUD/FHA—assisted apartment projects. On September 25, 1980, the Bank obtained a judgment against Willey and others in United States District Court for the Northern District of Mississippi.

Approximately nine months later, in June, 1981, an Amended and Restated Partnership Agreement for Huntingdon was executed whereby the Intervenors infused one million dollars of new capital into Huntingdon and thereby held an aggregate 99.7% partnership interest. This addition of funds and investors reduced Willey's proportional share of ownership from 41% to .1%. The Amended and Restated Partnership Agreement was not, however, immediately recorded.

In July, 1981, the Bank recorded its Mississippi judgment against Willey in Tennessee. Subsequently, Huntingdon recorded the new partnership agreement, reflecting Willey's reduced ownership as a percentage of the total, in the appropriate county office. The Bank thereupon moved for an order directing the sale of Willey's interest in Huntingdon to satisfy the admittedly valid judgment.

At trial, the Intervenors contended that they acquired, by virtue of the revised agreement executed in June, a 99.7% ownership interest in Huntingdon which precluded a sale of 41% of the partnership to satisfy the judgment against Willey recorded in July, 1981. The Bank argued that the transaction between Willey and the Intervenors (1) was void because government approval for the new partnership was not obtained within sixty days as contemplated by paragraph seven of the Subscription Agreement,[1] executed simultaneously with the Amended and Restated Partnership Agreement and (2) was ineffective as to third persons because the Amended Partnership Agreement, which the Bank characterized as "substituting" the Intervenors for Willey as limited partners, was not immediately recorded. The district judge initially construed the sixty day approval clause as a termination provision, which all parties herein impliedly waived, and not as a condition subsequent to an executory contract. The court further found that registration did not bear upon the right to transfer partnership interests, but went to the right of any unrecorded partner to claim the status of "limited partner."

The present appeal ensued.

1. Paragraph seven provides as follows:

7. Simultaneously with the execution of this Agreement, Willey, Murley, BCC, Day and Apperson have executed the Amended Certificate and Restated Agreement of Limited Partnership, a copy of which is attached hereto as Exhibit A ("Amended Partnership"). Day and Apperson will promptly submit to HUD/FHA fully completed HUD/FHA Forms 2530, 2013–S and 2417 for approval of Day and Apperson by HUD/FHA as partners, and immediately upon such approval, Murley and Willey will cause the Amended Partnership Agreement to be properly recorded in the Office of the official recorder of each County in each State in which the Partnership is doing business.

If Day and Apperson are not so approved as partners by HUD/FHA within sixty (60) days after the date of this Agreement, then, *Southern shall immediately return all of the considerations referred to in Sections 3 and 4 above unto Day and Apperson,* respectively, and the Amended Partnership and this Agreement shall terminate, be void and of no effect. (Emphasis added).

The Bank would have this Court determine what rights to income or management may validly be assigned or transferred by a limited partner and what disabilities are incurred by the failure to record such transfers or assignments. These inquiries, however, are premature and incorporate a fundamental misperception of the actual legal character of the transaction *sub judice* in that the assignments of error assume, incorrectly, that Willey sold, transferred or assigned his 41% interest in the original Huntingdon partnership to the Intervenors. In fact, Willey did not sell, transfer or assign any interest; rather, the partnership was expanded and reformed by the addition of fresh capital and new investors such that Willey's *continuous* interest in the partnership, expressed as a percentage of total ownership, was reduced from 41% to .1%. This basic conclusion, conceded by the Intervenors before this Court, was not perceived by the district court which based its order denying the Bank's motion for a sale of Willey's interest in Huntingdon upon a finding that the "assignment" or "transfer" of Willey's interest occurred prior to the recording of judgment and so defeated the Bank's claim. Inasmuch as the proper legal characterization of the transaction herein is fully apparent from the stipulated facts and is a matter of law rather than an additional finding of fact, it is not improper to reach this result on appeal without a remand. *Pullman-Standard v. Swint,* 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982). *See also K & M Joint Venture v. Smith International, Inc.,* 669 F.2d 1106, 1111–12 (6th Cir.1982).

Viewed in its proper light, the Amended and Restated Partnership Agreement did not remove or destroy assets previously liable to sale in satisfaction of the judgment; rather, the Agreement merely reflected that Willey's continuous interest declined in relative portion to the total value of the partnership. However, inasmuch as the revised agreement had not been filed at the time the Bank's judgment was recorded in Tennessee, this Court must address the issue of how, if at all, the failure to record the revised partnership agreement affected the right of the Bank to levy against Willey's interest in Huntingdon Associates, Ltd.

Cases construing the Uniform Limited Partnership Act[2] are in accord that a failure to comply with the statutory requirements for establishing a limited partnership, such as recording, does not void the creation of an association between the partners, but does preclude those partners from claiming the status of *limited* partners when dealing with third parties who are without notice of the limited liability due to a failure to record. *Peerless Mills v. American Tel. & Tel. Co.,* 527 F.2d 445, 449, n. 1 (2d Cir.1975) (cases cited therein). In the present case, Willey is a putatively limited partner under the revised agreement. However, inasmuch the new partnership was not recorded in Tennessee at the time the Bank recorded its judgment against Willey, neither Willey nor the Intervenors may here claim that Willey possesses only the status of a limited partner; Willey, for purposes of the Bank's judgment, is a general partner owning .1% of the value of Huntingdon. The Bank, accordingly, may levy against that interest to satisfy its judgment.

The judgment of the district court is hereby REVERSED and the instant cause REMANDED with instructions to enter an appropriate order.

---

**2.** Tennessee is one of 44 jurisdictions which has adopted the Uniform Limited Partnership Act. T.C.A. §§ 61–2–101 to 61–2–130 (effective 1–1–22). As with most jurisdictions which have adopted the Act, Tennessee, by statute, has specifically authorized recourse to judicial opinions from those other jurisdictions utilizing the Act so "as to effect its general purpose to make uniform the law of those states which enact it." T.C.A. § 61–2–127(b). Accordingly, citation to opinions from companion jurisdictions is generally considered persuasive.